UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY SNELLENBERGER,

    Plaintiff,

v.                                                            CASE No. 8:07-CV-936-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.* Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

The plaintiff, who was thirty-four years old at the time of the administrative hearing and who has a high school education, has been

---

    *The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

employed as a secretary, telemarketer, and retail clerk (Tr. 137, 368). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to arthritis in both knees, a thyroid problem, depression, anxiety, back problems, and obesity (Tr. 146). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of morbid obesity, degenerative joint disease of the knees, and hypothyroidism (Tr. 29). The law judge concluded that these impairments restricted the plaintiff to a wide range of sedentary work (Tr. 31). Specifically, the law judge determined that, in an eight-hour workday, the plaintiff can stand for two hours, sit for six hours, and walk for three hours (id.). The law judge concluded further that the work must be in a safe environment and limited to only occasional unusual postures, such as crouching, crawling, balancing, stooping, kneeling, and normal climbing (id.). The law judge determined that, despite these limitations, the plaintiff could return to her past work in telemarketing (Tr. 34). The plaintiff was therefore

found to be not disabled (Tr. 35). The Appeals Council let the law judge's decision stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales,

402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not

disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the decision denying benefits on two main grounds. Neither argument warrants reversal.

The plaintiff contends first that the law judge's residual functional capacity determination was unclear as to whether it reflected a functional capacity based upon a loss of weight (Doc. 18, p. 7). In this respect, the plaintiff argues (id., p. 8):

> If the Administrative Law Judge was basing his findings on the Plaintiff's failure to lose weight, implicit in the decision is a conclusion that the Plaintiff is disabled and cannot do full time sedentary work, but that she would have the residual functional capacity assigned by the Administrative Law Judge, if she were compliant with weight loss recommendations.

The plaintiff rests her argument on comments made by the law judge noting that the plaintiff's hypothyroid condition did not prevent her entirely from being able to lose weight (id.). Thus, the law judge stated (Tr. 30):

> While the undersigned shall consider the effects of the applicant's excess weight on her mobility, her joints and her end organs (chiefly the lungs and circulation), he also notes that, although there is a co-existing glandular condition, this condition may be amenable to weight loss.

The law judge's decision is properly read, however, to find that, despite the plaintiff's weight, she is able to perform a range of sedentary work. In other words, the law judge found that the plaintiff retained the ability to engage in a range of sedentary work, and was therefore not disabled, even though she did not follow recommendations to lose weight. As the Commissioner notes, the law judge was indicating that the plaintiff might have a greater functional capacity if she lost weight (Doc. 19, p. 6).

The plaintiff's argument is a contrivance which seeks to create an ambiguity in the law judge's decision in order to obtain a remand. The argument is unpersuasive because the decision, when properly read, is not based in any way upon a failure to lose weight.

Under the same heading, the plaintiff makes unrelated comments (Doc. 18, p. 9). Those comments do not set forth any discernible challenge, in contravention of the scheduling Order (Doc. 13, p. 2).

Conceivably, the plaintiff is asserting that the law judge erred in determining that the plaintiff "could walk three hours out of an 8 hour workday" (Doc. 18, p. 9). This finding appears to take into consideration the opinions of two nonexamining reviewing physicians, one indicating that the plaintiff could stand and/or walk about six hours in an eight-hour workday (Tr. 177), and another indicating that the plaintiff could stand and/or walk "at least" two hours in an eight-hour workday (Tr. 185). Significantly, no other doctor opined concerning the plaintiff's ability to walk in an eight-hour workday. Particularly in light of the opinion that the plaintiff could stand and/or walk about six hours in a workday, the law judge's finding that the plaintiff could walk for three hours in an eight-hour workday had adequate support in the evidence.

Moreover, the Commissioner pointed out that any error with respect to that finding would be harmless (Doc. 19, p. 7). The law judge found that the plaintiff could return to work as a telemarketer, and the plaintiff has stated that her telemarketing duties required no standing or walking (Tr. 139, 162).

The plaintiff's second contention is that the law judge's determination of her residual functional capacity is not based on substantial evidence (Doc. 18, pp. 9-12). She essentially complains that the law judge rejected the opinion of consulting physician Dr. Adam Greenfield (id.). Dr. Greenfield, stating that the plaintiff has "morbid obesity which is quite debilitating considering patient is approximately 500 pounds," simply opined that he "cannot see patient [doing] a full day's work" (Tr. 168-69). Dr. Greenfield did not set forth any assessment of the plaintiff's functional capacities.

The law judge discounted the opinion, pointing out that a doctor's opinion "is not controlling in the absence of supporting evidence such as clinical or laboratory findings or other medically acceptable evidence" (Tr. 31). The law judge gave the following explanation for discounting Dr. Greenfield's conclusory opinion (id.):

> In this case, the opinion was unique, rendered by a non-specialist, who (as a consultative source) saw the claimant on just one occasion (on the basis of erroneous information that the claimant weighs upwards of 500 pounds, whereas most records cited weight in the 300's), and superseded by later, less supportive records that may best describe the patient's current status. In essence, his restrictions

seem to have been based on her weight, which the undersigned found to be more readily addressed by physical activity, since the examination was otherwise not grossly abnormal. The contradictions, little backed by his own report, raise questions as to the care with which the form was filled out. Ultimately, the following evidence fails to substantiate his claims, and must take precedence over the generalized statements[.]

Moreover, the law judge discounted the plaintiff's subjective complaints and concomitantly disregarded Dr. Greenfield's opinion because it was "based largely on the patient's complaints" (Tr. 34). Significantly, the plaintiff has not challenged the law judge's credibility determination. Thus, that determination provides further support for the law judge's assessment of Dr. Greenfield's opinion.

The plaintiff criticizes the law judge for concluding that Dr. Greenfield's apparent estimate of the plaintiff's weight of 500 pounds was wrong. As the Commissioner responds, the record evidence supports the law judge's statement that during the relevant period her weight was in the 300's (Doc. 19, pp. 7-8). Moreover, even if Dr. Greenfield's guess at the plaintiff's weight was correct, that would mean only that on that one occasion her weight reached that level, whereas throughout the rest of the pertinent period

her weight was in the 300's. Consequently, the law judge could reasonably point to Dr. Greenfield's estimate of a weight of 500 pounds as a basis, along with the other grounds he stated, to discount Dr. Greenfield's opinion.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 15th day of September, 2008.

*Thomas G. Wilson*
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE